UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DAVID HOLLAND,**

   **Plaintiff,**

**v.**                 Case No: **6:19-cv-776-Orl-31LRH**

**SEA TECH & FUN USA, LLC, YVES
GELB and ROBERT BRANAGH,**

   **Defendants.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES (Doc. 12)**
>
> **FILED:**    May 31, 2019
>
> **THEREON** it is respectfully **RECOMMENDED** that the motion be **GRANTED IN PART** and **DENIED IN PART**.

**I.**  **Background**

The Plaintiff has asserted a single claim of unpaid overtime compensation against the Defendants in violation of the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 207.   (Doc. 1 at ¶¶ 33-47 (Complaint)).   The Plaintiff alleges that he was employed by Defendant Sea Tech & Fun USA, LLC (Sea Tech) as a "Spade Anchor Sales Manager" between July 2014 and March 18, 2019. (*Id*. at ¶¶ 15-17).   He regularly worked in excess of forty hours each workweek, but Sea Tech misclassified him as an exempt employee under the FLSA and did not pay him time and one-half for any overtime hours he worked.   (*Id*. at ¶¶ 20-23, 29).   The Plaintiff further alleges that

Defendants Yves Gelb (the managing member of Sea Tech) and Robert Branagh (Sea Tech's general manager) were also employers of the Plaintiff, and therefore, all three Defendants are jointly and severally liable as employers under the FLSA (*Id.* ¶¶ 11-12).

In response to the Complaint, the Defendants filed an answer and twelve affirmative defenses.  (Doc. 8).  The Plaintiff filed a timely motion to strike the first, second, third, fourth, fifth, sixth, ninth, eleventh, and twelfth affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f).  (Doc. 12).  The Defendants have filed a response in opposition to the Motion, requesting that it be denied in its entirety.  (Doc. 13).  The matter is fully briefed and has been referred to the undersigned for issuance of a report and recommendation.

## II.     Applicable Law

A true affirmative defense is "one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matters."  *Royal Palm Sav. Ass'n. v. Pine Trace Corp.*, 716 F. Supp. 1416, 1420 (M.D. Fla. 1989) (citation omitted). Affirmative defenses are subject to the general pleading requirements of Federal Rule of Civil Procedure 8.  *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla. 2002).  According to Rule 8, a party must "state in short and plain terms its defenses to each claim asserted against it" and "must affirmatively state any avoidance or affirmative defense."  Fed. R. Civ. P. 8(b)(1)(A), (c)(1).  "Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must give the plaintiff 'fair notice' of the nature of the defense and the grounds upon which it rests."  *Hansen v. ABC Liquors, Inc.*, No. 3:09-cv-966-J-34MCR, 2009 WL 3790447, at *1 (M.D. Fla. Nov. 9, 2009) (citation omitted); *see also Harvey v. Lake Buena Vista Resort, LLC*, 568 F. Supp. 2d 1354, 1360 (M.D. Fla. 2008) (citations omitted).

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike filed pursuant to Rule 12(f) is subject to the Court's discretion, *see Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976), and such motions "are viewed with disfavor and are infrequently granted" even when they are "technically appropriate and well-founded" because striking is "a drastic remedy." *Harvey*, 568 F. Supp. 2d at 1359 (M.D. Fla. 2008).

The court may also strike a defense that is insufficient as a matter of law. *Anchor Hocking Corp.*, 419 F. Supp. at 1000 (citation omitted). "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Microsoft Corp.*, 211 F.R.D. at 683 (citation omitted). In addition, an affirmative defense may be stricken if it has "no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (citations omitted). However, where "a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." *Id.* (citation omitted). Further, when an affirmative defense is actually a specific denial, the Court will generally treat the affirmative defense as such and will not strike it. *See, e.g.*, *Premium Leisure, LLC v. Gulf Coast Spa Mfrs., Inc.*, No. 8:08-cv-1048-T-24EAJ, 2008 WL 3927265, at *3 (M.D. Fla. Aug. 21, 2008).

**III.  Discussion**

### A.  The First and Second Affirmative Defenses

The Defendants' first and second affirmative defenses provide as follows:

<u>First Affirmative Defense</u>: Plaintiff's claims are barred because Plaintiff was exempt from the maximum hour requirements of the FLSA based on the executive exemption.

> Second Affirmative Defense: Plaintiff's claims are barred because Plaintiff was exempt from the maximum hour requirements of the FLSA based on the administrative exemption.

(Doc. 8 at 5).

The Plaintiff contends, without any explanation or citation to authority, that the first and second affirmative defenses should be stricken because they are "merely . . . conclusion[s] of law unsupported by allegations of supporting facts and [are] legally insufficient."  (Doc. 12 at ¶¶ 7-8). The undersigned disagrees.  Both of these affirmative defenses provide the Plaintiff with fair notice that the Defendants intend to rely on the executive and administrative exemptions to the FLSA.  29 U.S.C. § 213(a)(1).  Moreover, courts that have considered this issue have concluded that affirmative defenses that identify specific exemptions are appropriate and, should not be stricken. *See Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013) (denying request to strike affirmative defenses that listed specific exemptions to the FLSA); *Aguilar v. ABC Supply Co.*, No. 2:10-cv-141-FtM-36SPC, 2010 WL 2243753, at *2 (M.D. Fla. June 4, 2010) (similar); *Merriweather v. Latrese & Kevin Enters., Inc.*, No. 3:08-cv-836-J-32TEM, 2009 WL 1514640, at *1 (M.D. Fla. May 28, 2009) (similar); *c.f. Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318-19 (S.D. Fla. 2005) ("Where a defendant pleads generally that a plaintiff is not covered under the FLSA, but fails to identify the specific FLSA exemptions that are applicable, the defendant should be given leave to amend the defense.").  Accordingly, the undersigned recommends that the Motion be denied as to the first and second affirmative defenses.

### B. The Third and Fourth Affirmative Defenses

The Defendants' third and fourth affirmative defenses provide as follows:

> Third Affirmative Defense: Defendants assert that to the extent Plaintiff is awarded any damages, liability for which Defendants wholly deny, every portion of Plaintiff's claim arising more than two (2) years prior to the date when the Complaint was filed

> is barred by the limitations set forth Section 5 of the Portal-to-Portal Act, 29 U.S.C. § 255.
>
> Fourth Affirmative Defense: Defendants assert that to the extent Plaintiff is awarded any damages, liability for which Defendants wholly deny, and there is a finding of willfulness, which Defendants wholly deny, every portion of Plaintiff's claim arising more than three (3) years prior to the date when the Complaint was filed is barred by the limitations set forth Section 5 of the Portal-to-Portal Act, 29 U.S.C. § 255.

(Doc. 8 at 5).

The Plaintiff once again states, without any argument or citation to authority, that these defenses are "merely . . . conclusion[s] of law unsupported by allegations of supporting facts and [are] legally insufficient[.]"  (Doc. 12 at ¶¶ 9-10).  And once again, the undersigned disagrees.  The third and fourth affirmative defenses provide the Plaintiff with fair notice that the Defendants intend to argue that the Plaintiff may not recover any wages beyond the two-year statute of limitations for a non-willful violation of the FLSA, and, if the violation is found to be willful, then the Plaintiff may not recover any wages beyond the three-year statute of limitations.  These are valid limitations to a claim for unpaid wages under the FLSA.  29 U.S.C. § 255(a).  Courts that have considered similar affirmative defenses have found them to be appropriate and did not strike them.  *See Reese v. Florida BC Holdings, LLC*, No. 6:17-cv-1574-Orl-41GJK, 2017 WL 8812778, at *2 (M.D. Fla. Nov. 28, 2017) (denying request in FLSA case to strike affirmative defense that the plaintiff's "claims are barred in whole or in part by the applicable statutes of limitations"); *see also McGlothan v. Walmart Stores, Inc.*, No. 6:06-cv-94-Orl-28JGG, 2006 WL 1679592, at *1 (M.D. Fla. June 14, 206) ("[A] statement that "[t]his claim is barred by the statute of limitations," gives fair notice of the defense and meets Rule 8 pleading requirements.").  Accordingly, the undersigned recommends that the Motion be denied as to the third and fourth affirmative defenses.

### C.  The Fifth and Ninth Affirmative Defenses

The Defendants' fifth and ninth affirmative defenses provide as follows:

> Fifth Affirmative Defense: Plaintiff did not work over 40 hours per week during his employment.
>
> Ninth Affirmative Defense: Plaintiff's claims against Defendant Gelb and Defendant Branagh, in their individual capacity, are barred because neither is an "employer" under the FLSA.

(Doc. 8 at 5-6).

The Plaintiff contends that the fifth and ninth affirmative defenses should be stricken because they are mere denials and they fail to allege any facts supporting those defenses. (Doc. 12 at ¶¶ 11, 13). Although the undersigned agrees that these statements are denials of various elements of the Plaintiff's FLSA claim as opposed to affirmative defenses, they should not be stricken. *See Ahamad v. Maxim Healthcare Servs., Inc.*, No. 5:15-cv-338-Oc-10PRL, 2013 WL 5781245, at *2 (M.D. Fla. Oct. 25, 2013); *Goodbys Creek, LLC v. Arch Ins. Co.*, No. 3:07-cv-947-J-34HTS, 2009 WL 1139572, at *3 (S.D. Fla. Apr. 27, 2009); *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *3 (S.D. Fla. Aug 21, 2007)). Accordingly, the undersigned recommends that the Motion be denied as to the fifth and ninth affirmative defenses.

### D. The Sixth Affirmative Defense

The Defendants' sixth affirmative defense provides as follows:

> Sixth Affirmative Defense: Defendants assert that to the extent Plaintiff is awarded any damages, liability for which Defendants wholly deny, the damages should be calculated on a half-time basis.

(Doc. 8 at 6).

The Plaintiff contends that the sixth affirmative defense should be stricken because it does not allege any facts supporting any calculation of his damages on a half-time basis, and because it is an unsupported denial. (Doc. 12 at ¶ 12).

x

In response, the Defendants contend that the Plaintiff's damages should be calculated using the fluctuating workweek method,[1] under which payment of overtime wages would be at one-half times the Plaintiff's regular rate, as opposed to the standard one and one-half times the Plaintiff's regular rate. (Doc. 13 at 7-8). According to the Defendants, their sixth affirmative defense provides the Plaintiff with fair notice that they intend to argue that the Plaintiff's damages should be calculated on a half-time basis. (*Id.*).

The undersigned disagrees. The Defendants' sixth affirmative defense does not provide the Plaintiff with fair notice that damages should be calculated using the fluctuating workweek method. While the Defendants make this clear in their response, the Court may not consider their extrinsic explanation in resolving the Motion. *See Microsoft Corp.*, 211 F.R.D. at 683 ("In evaluating a motion to strike, the court . . . cannot consider matters beyond the pleadings." (internal quotations and citation omitted)). Therefore, on its face, the sixth affirmative defense does not meet the pleading standards under Rule 8. Accordingly, the undersigned recommends that the Motion be granted as to the sixth affirmative defense, it be stricken, and the Defendants be granted leave to file an amended sixth affirmative defense.

### E. The Eleventh and Twelfth Affirmative Defenses

The Defendants' eleventh and twelfth affirmative defenses provide as follows:

Eleventh Affirmative Defense: Plaintiff's claims are barred due to Plaintiff's unclean hands, as during his employment with Defendant Sea Tech he engaged in lewd and lascivious behavior during work hours and/or while present at the office.

---

[1] "The fluctuating workweek method of payment allows an employee whose hours fluctuate from week to week to be compensated at a fixed amount per week as straight-time pay irrespective of the number—few or many—of hours worked. Payment for overtime hours under this method is at one-half time regular-rate instead of the standard one and one-half time rate because the straight-time rate already includes compensation for all hours worked." *Davis v. Friendly Exp., Inc.*, No. 02-14111, 2003 WL 21488682, at *1 (11th Cir. Feb. 6, 2003).

>   <u>Twelfth Affirmative Defense</u>: To the extent it is determined that Plaintiff was a non-exempt employee, which Defendants deny, his misconduct with respect to falsifying time records and engaging in lewd and lascivious actions while at work and/or during working hours must be factored into a determination of the number of hours worked.

(Doc. 8 at 7).

The Plaintiff contends that the eleventh affirmative defense should be stricken because it is not supported by any factual allegations, is legally insufficient (though he does not explain how it is so), and is scandalous because it accuses him of committing a crime. (Doc. 12 at ¶ 14). Similarly, the Plaintiff contends that the twelfth affirmative defense should be stricken because it is not supported by any factual allegations, is merely a denial, and is scandalous because it also accuses him of committing a crime. (*Id.* at ¶ 15).

The Defendants contend that affirmative defenses eleven and twelve are asserting a defense under the doctrine of unclean hands, which is a recognized defense to claims asserted under the FLSA. (Doc. 13 at 9 (citing *McGlothan*, 2006 WL 1679592, at \*3)). As such, the Defendants argue that the Plaintiff's bad acts – tampering with time records and lewd and lascivious behavior during work hours – should be considered by the Court in the event the Defendants are found liable under the FLSA. (*Id.* at 9-10).

With respect to the eleventh affirmative defense, the undersigned finds that it does not bear any possible relationship to the Plaintiff's FLSA overtime claim. In order to properly assert the defense of unclean hands, a defendant must demonstrate that the plaintiff's wrongdoing is directly related to his claim and that the defendant was personally injured by the plaintiff's conduct. *Calloway v. Partners Nat'l Health Plans*, 986 F.2d 446, 450-451 (11th Cir. 1993). Here, the Defendants have failed to explain – both in their affirmative defense and in their response to the Motion – how a vague assertion of lewd and lascivious conduct is related to the Plaintiff's claim for unpaid overtime wages. Moreover, the Defendants do not explain how Plaintiff's alleged lewd and

lascivious conduct at work would result in a complete or partial reduction in damages if the Plaintiff is successful on his overtime claim. Given this disconnect, the undersigned will recommend that the eleventh affirmative defense be stricken. *C.f. Papesh v. NCM of Collier Cty, Inc.*, No. 2:08-cv-78-FtM-UA-SPC, 2008 WL 11334534 (M.D. Fla. Nov. 24, 2008) (finding a counterclaim that the plaintiff engaged in lewd and lascivious conduct had nothing in common with the Plaintiff's FSLA claim for unpaid overtime wages and, as a result, the counterclaim was dismissed).[2] Additionally, because it is does not appear that Plaintiff's alleged lewd and lascivious conduct at work would ever impact his claim or the amount of his recovery, the undersigned further recommends that the Defendants not be granted leave to amend that particular defense.

The twelfth affirmative defense is a combination of the Defendants' tenth affirmative defense (which addresses tampering of time records),[3] and the eleventh affirmative defense (which addresses lewd and lascivious conduct and should be stricken). The Plaintiff has not challenged the tenth affirmative defense, therefore the undersigned sees no reason to strike the related portion of the twelfth affirmative defense that also addresses the Plaintiff's alleged tampering with time records. Instead, consistent with the previous recommendation, the undersigned recommends that the Motion be granted to the extent the twelfth affirmative defense's reference to the Plaintiff's alleged lewd and lascivious conduct be stricken, and that the Defendants be granted leave to file an amended version of the twelfth affirmative defense which omits any mention of lewd and lascivious conduct.

---

[2] Given this conclusion, there is no need to address whether the eleventh affirmative defense should be stricken as scandalous.

[3] The Defendants' tenth affirmative defense states that: "Plaintiff's claims are barred due to Plaintiff's unclean hands, as during his employment with Defendant Sea Tech he tampered with time records by clocking in when he was not actually present at the office or otherwise working." (Doc. 8 at 7).

## IV. Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (Doc. 12) be **GRANTED** as follows:

   a. The sixth affirmative defense be **STRICKEN** with leave to file an amended version of that affirmative defense.

   b. The eleventh affirmative defense be **STRICKEN** without leave to amend.

   c. The twelfth affirmative defense be **STRICKEN** with leave to file an amended version that omits any reference to the Plaintiff's alleged lewd and lascivious conduct.

   d. The Defendants be directed to file their amended pleading within seven days of the Court's order on this Report.

2. The Motion (Doc. 12) be **DENIED** in all other respects.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on November 22, 2019.

_____
LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge

Counsel of Record
Unrepresented Party
Courtroom Deputy